UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ALEXANDER BRADLEY, | ) | Civil Action No.: 4:15-cv-1928-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| -vs- | ) | |
| | ) | |
| | ) | |
| THE YAHNIS COMPANY, BYRON | ) | |
| C. YAHNIS, and GORDON MANUS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

This is an employment discrimination case. Plaintiff, who is proceeding pro se, filed this action in the Court of Common Pleas, Florence County, and Defendants removed it to this court. Presently before the court is Defendants' Motion to Dismiss (Document # 4). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in dismissal of his complaint. Plaintiff timely filed a response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

**II.     PROCEDURAL HISTORY**

Plaintiff alleges that Defendants discriminated against him and wrongfully terminated him because of his race. He filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and received a right to sue letter dated September 29, 2014. Plaintiff filed his first complaint in state court on December 2, 2014, which was dismissed without prejudice for lack of subject matter jurisdiction on March 16, 2015. Plaintiff then filed the present action on April 10, 2015.

### III. STANDARD OF REVIEW

Defendants seek dismissal of this action pursuant to Rule 12(b)(6), Fed.R.Civ.P. A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

### IV. DISCUSSION

Defendants argue that dismissal of this case is appropriate because Plaintiff failed to timely file this action following his receipt of a right-to-sue letter from the EEOC. "Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the [Equal Employment Opportunity Commission (EEOC)]." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir.2000); see also 42 U.S.C. § 2000e–5(f)(1). The EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter to the claimant, "which letter is essential to initiation of a private Title VII suit in federal court." Davis v. North Carolina Dep't of Corrections, 48 F.3d 134, 136–37 (4th Cir.1995). Upon receipt of the right to sue letter from the EEOC, Plaintiff has ninety days within which to file a civil action raising federal discrimination claims. 42 U.S.C. § 2000e–5(f)(1) and 29 U.S.C. § 626(e).

Plaintiff received his right-to-sue letter on September 29, 2014. The present action was filed April 10, 2015, clearly more than ninety days following receipt of the letter. However, prior to filing the present action, Plaintiff filed an action in state court on December 2, 2014, apparently alleging

-2-

the same or similar claims. That action was dismissed without prejudice on March 6, 2015.[1] The Fourth Circuit has recognized the "general rule that a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period." Angles v. Dollar Tree Stores, Inc., 494 Fed.Appx. 326, 329-30 (4th Cir. 2012) (citing O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir.2006) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not toll or suspend the 90–day limitations period." (internal quotation marks omitted)); Simons v. Sw. Petro–Chem, Inc., 28 F.3d 1029, 1030–31 (10th Cir.1994) (same)); Quinn v. Watson, 119 Fed.Appx. 517, 518 n.* (4th Cir.2005) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the ninety-day limitations period.") (citing Minnette v. Time Warner, 997 F.2d 1023, 1026-27 (2d Cir.1993) (citing Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir.1992); Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir.1991) (holding that limitations period was not tolled during pendency of dismissed action)). "'If the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" Angles, 494 Fed.Appx. at 330 (citing Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir.2000)). Therefore, because the present action was filed more than ninety days from the date of the right to sue letter, and the previously filed action does not toll that limitations period, this action is not properly before the court and dismissal is

---

[1] No records from the previously filed action are in the record here. However, Plaintiff does not dispute Defendants' representation of the nature of that action or its dismissal.

-4-

appropriate.[2]

## V.    CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss (Document # 4) be granted and this case dismissed in its entirety.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 30, 2015
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[2]Plaintiff does not argue nor does the record reveal any facts upon which the court could find that some form of equitable tolling is appropriate.