IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Alexander Bradley,<br><br>    Plaintiff,<br><br>vs.<br><br>The Yahnis Company, Byron C. Yahnis, and Gordon Manus,<br><br>    Defendants. | C/A No. 4:15-cv-1928-JFA<br><br>**ORDER** |

## I. INTRODUCTION

Alexander Bradley ("Plaintiff"), who is proceeding pro se, filed an employment discrimination lawsuit in the Court of Common Pleas, Florence County, against The Yahnis Company, Byron C. Yahnis, and Gordon Manus ("Defendants"). Defendants removed the case to federal court. Because Plaintiff is proceeding pro se, he was advised pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion could result in dismissal of his complaint. Plaintiff timely filed a response.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1] Before the Magistrate Judge, Defendants filed a motion to dismiss. (ECF No. 4). Plaintiff filed a Response in Opposition (ECF No. 7), and Defendants filed a reply. (ECF No. 8). This is the motion currently before this Court.

On June 30, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") wherein he recommends that this court grant Defendants' motion to dismiss (ECF No. 9).

---

[1] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

Plaintiff filed a statement of objection to the Report. (ECF No. 11). Defendants filed a Response to Plaintiff's objections. (ECF No. 14). Thus, this matter is ripe for the Court's review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates those without a recitation.

**II.   DISCUSSION**

Plaintiff has lodged two objections to the Report rendered by the Magistrate. Specifically, Plaintiff contends (1) the Magistrate erred in concluding that Plaintiff cannot proceed with the present action because it was filed more than ninety days from the date he received the right to sue letter from the EEOC, and (2) he is able to file this lawsuit because Judge Thomas Russo told both parties that Plaintiff could refile the lawsuit since the first action was dismissed without prejudice.

   *A.  Timeliness of the Present Action*

In order to file a suit under Title VII, "a plaintiff must [first] exhaust her administrative remedies by bringing a charge with the [Equal Employment Opportunity Commission (EEOC)]."

2

*Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000); *see also* 42 U.S.C. § 2000e-5(f)(1). The EEOC will then decide "whether [it] will bring the claim in federal court or whether the complainant will be issued a right-to-sue letter, which letter is essential to initiation of a private Title VII suit in federal court." *Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 138 (4th Cir. 1995). Once a plaintiff receives a right-to-sue letter from the EEOC, he has ninety days to file a civil action raising federal discrimination claims. 42 U.S.C. § 2000e-5(f)(1); *see also* 29 U.S.C. § 626(e). In his analysis, the Magistrate concluded that Plaintiff filed the present action well beyond ninety days following the receipt of his right-to-sue letter.

Plaintiff first argues that the Magistrate was incorrect in holding that he did not file the lawsuit in a timely manner. Specifically, Plaintiff argues, "[t]he Magistrate should [know] that [] during the motion hearing Judge Thomas Russo told both parties that this lawsuit can be filed again . . . knowing that it was March[] 2015 and not December 2014." (ECF No. 11). In opposition, Defendants argue that the law is clear that "'if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" *Angles v. Dollar Tree Stores, Inc.*, 494 Fed.Appx. 326, 330 (4th Cir. 2012) (quoting *Elmore v. Henderson,* 227 F.3d 1009, 1011 (7th Cir.2000)).

The Plaintiff received his right-to-sue letter on September 29, 2014. This action was filed on April 10, 2015, which is well beyond the ninety days following receipt of the letter. However, prior to this action, Plaintiff filed a state court action on December 2, 2014, alleging the same or similar claims. That action was dismissed without prejudice on March 6, 2015. The general rule is that a Title VII complaint that has been filed and then dismissed without prejudice

3

does not toll the 90-day limitations period.[2] Since the present action was filed more than ninety days from the date that the Plaintiff received the right to sue letter, along with the fact that the previous action does not toll the limitations period, the present action by the Plaintiff is not timely.

The Magistrate explained in her report that "under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." (ECF No. 9) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As such, "[t]he reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555.

Review of the Report indicates the Magistrate properly utilized this standard in finding that dismissal was appropriate based on her determination that Plaintiff failed to timely file the present action within ninety days of his receipt of the right-to-sue letter. Therefore, the Court finds the Magistrate applied the appropriate standard in her assessment of Plaintiff's claim.

### B. *Statements Regarding Plaintiff's Ability to Refile this Action*

Plaintiff's second objection to the Report centers on his contention that Judge Russo told both parties at the motion hearing that the Plaintiff could refile the lawsuit because he was dismissing the first action without prejudice. Plaintiff argues that the Magistrate erred in ignoring Judge Russo's statements regarding the Plaintiff's ability to refile the case. Defendants

---

[2] *See Angles*, 494 F.Appx. at 329-30; *see also O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2012) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not toll or suspend the 90-day limitations period." (internal quotation marks omitted)); *Simons v. Sw. Petro-Chem, Inc.*, 28 F.3d 1029, 1030-31 (10th Cir. 1994) (same)); *Quinn v. Watson*, 119 Fed.Appx. 517, 518 n.* (4th Cir. 2005) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the ninety-day limitations period.") (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026-27 (2d Cir. 1993)); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) (holding that limitations period was not tolled during pendency of dismissed action)).

maintain that this second action filed by the Plaintiff in state court (but removed to federal court), is not timely because the first action did not toll the ninety-day limitations period.

Regardless of what the Plaintiff was told by the state court in this case, the law is clear that the initial state court action does not toll the ninety-day limitations period. Assuming the Plaintiff was given incorrect advice regarding his ability to refile his lawsuit, unfortunately he is without a remedy. "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1996). Further, although it was without prejudice, Judge Russo dismissed the Plaintiff's first state court action. This court is without jurisdiction to review the final judgment of the state court. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000).

Accordingly, the Magistrate found that Plaintiff's failure to file this action within ninety days of receiving the right-to-sue letter supported the granting of Defendants' motion to dismiss. The initial state court action did not toll the ninety-day limitations period. Therefore, the Court finds no fault in this analysis by the Magistrate.

### III.    CONCLUSION

After a careful review of the record, of the applicable law, and of the Report and the objections thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate and hereby **GRANTS** Defendants' motion to dismiss.

IT IS SO ORDERED.

September 9, 2015                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge